# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ENGLER, ESQ., | ) | CASE NO. 4:15-cv-2019 |
| Administrator of Estate of T.F., a Minor, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID ARNOLD, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to dismiss of defendant, David Arnold. (Doc. No. 6 ["Mot."].) Plaintiff has filed a memorandum in response (Doc. No. 8 ["Opp'n"]), and defendant has filed a reply (Doc. No. 9 ["Reply"]). For the reasons set forth herein, the motion is denied.

## I. BACKGROUND

On November 5, 2014, plaintiff, who is an attorney and the administrator of the estate of T.F., a deceased child, timely filed an action alleging that defendant, in his role with Mahoning County Children's Services, acted in derogation of his duties under Ohio law with respect to the investigation of abuse against T.F. and the identification of T.F. as an abused child, resulting in T.F.'s substantial physical and psychological suffering and eventual death. Plaintiff alleged, pursuant to 42 U.S.C. § 1983, that Arnold thereby violated T.F.'s procedural and substantive due process rights under the Fourteenth Amendment. *See Engler v. Arnold*, Case No. 4:14-cv-2442 (the "first case"). A summons was issued to plaintiff, but he failed to perfect service on defendant and, on July 10, 2015, defendant's motion to dismiss for failure to serve (resulting in lack of personal jurisdiction) was granted, and the first case was closed.

On September 30, 2015, plaintiff filed the instant action against defendant (the "second case"), identifying it as a possible refiling of the first case. The complaint is identical to the complaint in the first case. A summons was issued to plaintiff and defendant was personally served on October 6, 2015. Shortly thereafter, defendant filed the instant motion to dismiss.

## II. DISCUSSION

In his motion to dismiss, defendant argues that the claims asserted in the second case are time-barred. T.F. died on January 26, 2013[1] and the relevant statute of limitations for a § 1983 claim is two years. *See Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) (in a § 1983 action, the court should apply the relevant state statute of limitations for recovery of damages for personal injuries); *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (two-year statute of limitations for actions for bodily injury "is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983") (citing Ohio Rev. Code § 2305.10). Therefore, the two-year statute of limitations expired on or about January 26, 2015, before the first case was dismissed.

In opposition to the motion, plaintiff relies upon Ohio's Savings Statute, Ohio Rev. Code § 2305.19(A),[2] to argue that the claim in the second case is not time-barred. Section 2305.19(A) provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon

---

[1] In Ohio, there is an independent cause of action for wrongful death, separate and apart from any claim for bodily injury that might have been brought by the decedent prior to death. *Thompson v. Wing*, 637 N.E.2d 917, 922 (Ohio 1994). The wrongful death cause of action accrues upon the person's death. *Id.*

[2] There is actually a separate savings statute that applies to claims of wrongful death. *See* Ohio Rev. Code § 2125.04. But the language of the two statutes is virtually identical.

2

the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

The Sixth Circuit has determined that where, as here, a court "use[s] a state's Statute of Limitations, [it] also use[s] its procedural rules affecting that Statute of Limitations[,]" including any savings statute. *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) (citation omitted). But, it is defendant's view that plaintiff never "commenced or attempted to commence" the first case within the meaning of the savings statute because he "failed to procure service on [defendant] during the pendency of the [first case.]" (Mot. at 34.) Defendant claims that "[a]n attempt to commence an action for purposes of R.C. § 2305.19, will ultimately revert to a failure to commence if the requirements of Civ. R. 3(A) are not met." (Reply at 51, citing *Kossuth v. Bear*, 119 N.E. 2d 285 (Ohio 1954).) This, however, is not the current state of Ohio law relating to the savings statute.

Under Ohio's procedural rules, "[a] civil action is *commenced* by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" Ohio R. Civ. P. 3(A) (emphasis added). In other words, "commencement of an action for purposes of the savings statute includes effective service of process." 66 Ohio Jur. 3d Limitations and Laches § 133 (March 2016) (footnote citing cases omitted).[3]

There can be no dispute that the first case was not "commenced" within the meaning of Rule 3(A). The dispute here relates entirely to "attempted" commencement of the first case. The only way the instant case is protected by the savings statute is if the first case was "attempted to be commenced."

---

[3] The federal counterpart of Ohio's Rule 3 states only that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. But to determine applicability of Ohio's Savings Statute, the Court must look to Ohio rules. *Coleman*, 46 F. App'x at 769.

Ohio's Rule 3(A) does not define "attempted to be commenced," but Ohio case law does. In *Sorrell v. Estate of Datko*, 770 N.E.2d 608 (Ohio Ct. App. 2001), the court concluded that the Ohio Supreme Court "would define 'attempt to commence' for purposes of R.C. 2305.19 as filing a complaint and demanding service prior to the statute of limitations' expiration." *Id.* at 611 (relying on *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 653 N.E.2d 235 (Ohio 1995) syllabus ¶ 2; *Thomas v. Freeman*, 680 N.E.2d 997 (Ohio 1997)); *see also Schneider v. Steinbrunner*, No. 15257, 1995 WL 737480, at *4 (Ohio Ct. App. Nov. 8, 1995)[4] ("[w]e hold that the *attempted* commencement provision of R.C. 2305.19 requires only that a [p]laintiff has taken action to effect service on a defendant *within the applicable limitations period* according to one of the methods provided in the Civil Rules") (emphasis added);[5] *Shanahorn v. Sparks*, No. 99AP-1340, 2000 WL 861261, at *6 (Ohio Ct. App. June 29, 2000) ("[b]oth [plaintiff's] original complaint and request for service of summons were submitted prior to expiration of the statute of limitations") (cited by *Coleman*). All that is required to show an attempt to commence "is a showing that the plaintiff, after filing a complaint, has taken some action provided by the Civil Rules to obtain service on the defendant." *Schneider*, 2005 WL 1322713, at * 3.

State law methods of service in Ohio are similar to the federal methods of service in Fed. R. Civ. P. 4(e), including service by the clerk (by way of certified or express mail, or commercial carrier service), personal service, or residence service.[6] *See* Ohio R. Civ. P. 4.1. Here, when the

---

[4] In *Schneider*, plaintiff brought a state personal injury claim governed by the same 2-year statute of limitations that controls the § 1983 claim in this Court.

[5] The court in *Schneider* also noted that Ohio's Savings Statute "does not impose a due diligence requirement upon its attempted commencement alternative. Neither does it require a plaintiff whose efforts at service are unsuccessful to show good cause why service was not made, as Civ. R. 4(E) does." *Schneider*, 2005 WL 1322713, at * 3.

[6] Under the Local Rules of the Northern District of Ohio, if a person plans to use service by mail, as permitted in Ohio, a particular procedure must be followed to equip the Clerk of this Court with the ability to effect such service. *See* L.R. 4.2.

first case was filed on November 5, 2014, within the 2-year statute of limitations, plaintiff contemporaneously sought issuance of a summons, so that he could personally serve the defendant – an acceptable method of service in Ohio. The clerk issued the summons to him on the same day, that is, within the statute of limitations. This ends the analysis because, although service was never accomplished in the first case (meaning the first case was not "commenced"), plaintiff's request for a summons for personal service in the first case met the "attempt to commence" requirement of "tak[ing] action to effect service … within the applicable limitations period[,]" as set forth in the case law above.

The first case was "attempted to be commenced" and it was ultimately dismissed "otherwise than upon the merits" on July 10, 2015. Therefore, plaintiff was entitled to file the second case within one year. He filed it less than three months later, on September 30, 2015.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss (Doc. No. 6) is **denied**.


**IT IS SO ORDERED**.

Dated: May 6, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5