## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. ENGLER, ESQ., | ) | CASE NO. 4:15-cv-2019 |
| Administrator of Estate of T.F., a Minor, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID ARNOLD, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the motion of defendant David Arnold for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. No. 19 ["Mot."].) Plaintiff has filed a memorandum in response (Doc. No. 21 ["Opp'n"]), and defendant has filed a reply (Doc. No. 22 ["Reply"]). For the reasons set forth herein, the motion is granted and this case is dismissed with prejudice.

## I. BACKGROUND

On September 30, 2015, plaintiff, the administrator of the estate of T.F., a deceased child, filed this action alleging that defendant, in his role with Mahoning County Children's Services, acted in derogation of his duties under Ohio law with respect to the investigation of abuse against T.F. and the identification of T.F. as an abused child, resulting in T.F.'s substantial physical and psychological suffering and eventual death.[1] Plaintiff alleged, pursuant to 42 U.S.C. § 1983, that Arnold's inaction violated T.F.'s procedural and substantive due process rights under the Fourteenth Amendment.[2]

---

[1] This is actually a re-filed case. The first case, *Engler v. Arnold*, Case No. 4:14-cv-2442, was dismissed due to failure to prefect service.

[2] An earlier motion to dismiss on the basis that the claims are time-barred was denied by the Court. (*See* Doc. No. 10.)

## II. DISCUSSION

### A.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotes and citation omitted). A motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal quotes and citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss [or for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "'[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). Further, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B. Analysis**

Plaintiff raises claims that defendant denied T.F. his rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "The Due Process Clause has a procedural component and a substantive one." *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). Plaintiff makes claims under both components.

**1.      Procedural Due Process**

The procedural due process claim is easily dispatched. "To establish a procedural due process claim, a plaintiff must show that (1) [he] had a life, liberty, or property interest protected by the Due Process Clause; (2) [he] was deprived of this protected interest; and (3) the state did not afford [him] adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citations omitted).

3

T.F. was deprived of his life by his step-father. There is no showing, and no allegation, in the complaint that the deprivation was at the hands of the state or of defendant Arnold. In that respect, the complaint completely fails to assert a due process claim against any state actor.

Moreover, even if there had been state action, there is no allegation in the complaint that the state deprived T.F. of any particular *process*. "The touchstone of procedural due process is the fundamental requirement that an individual be given the opportunity to be heard 'in a meaningful manner.'" *Howard*, 82 F.3d at 1349 (citation omitted). The complaint simply fails to state any claim of deprivation of procedural due process.

Further, although defendant argues in its motion that it is entitled to judgment on this aspect of the claim, plaintiff did not address defendant's argument in his opposition brief. Therefore, plaintiff has not only failed to state a claim for procedural due process, but he has also abandoned any such claim by failing to respond to defendant's argument. *Gradisher v. City of Akron*, 794 F.3d 574, 586 (6th Cir. 2015) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)).

Accordingly, defendant is entitled to judgment on the pleadings with respect to any procedural due process claim.

## 2.    Substantive Due Process

"Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992)). "It protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked

fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Id.* (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003)).

Plaintiff alleges that "[p]rior to January 26, 2013 [the date of death], T.F. was identified to Arnold as an abused child." (Complaint, Doc. No. 1 ["Compl."], ¶ 4.) But Arnold concluded that the injuries "were accidental and refused to report or investigate [the] allegations of abuse." (*Id.*) Plaintiff alleges that, by his refusal, "Arnold acted in derogation of his responsibilities under Ohio law[,]" and "increased T.F.'s susceptibility to future violence and abuse." (*Id.*)  Plaintiff also alleges that, "[e]ven after T.F.'s death, Arnold continued to deny that T.F. was an abuse victim[,] … [and] knowingly prepared and disseminated a report stating that T.F.'s injuries were accidental." (*Id.* ¶ 5.) "Arnold knew that the report he had prepared was false and said report was designed to cover up his failures to act in accordance with Ohio law." (*Id.*)

This case is similar to the seminal case of *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989), where the Court held that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at  196 (citations omitted).

In *DeShaney*, a toddler was repeatedly beaten by his father, despite ineffective steps by county social service officials to protect the boy. Even though the officials had well-documented suspicions of continuous abuse, they took no action to remove the child from the father's home. The child was ultimately beaten so severely that he lapsed into a coma, suffering permanent brain damage that relegated him to an institution for the remainder of his life. The child and his mother (who was divorced from the father and did not have custody) sued the county officials alleging a deprivation of liberty without due process caused by their "fail[ure] to intervene to

5

protect [the child] against a risk of violence at his father's hands of which they knew or should have known." *Id.* at 193. The Supreme Court affirmed the grant of summary judgment in defendants' favor, holding that a state's failure to protect someone from private violence did not constitute a substantive due process violation. The Court further rejected the argument that an affirmative duty to protect arose simply from "knowledge of the individual's predicament" and/or from the state's "expressions of intent to help[.]" *Id.* at 200.

In plaintiff's view, however, Arnold is liable for a Fourteenth Amendment violation under either or both of the exceptions to this general rule that the Court recognized in *DeShaney* – either due to a "state-created danger" or due to a "special relationship" between Arnold and T.F. (Opp'n at 105.) He argues that the complaint alleges sufficient facts to support claims for relief under either theory. (*Id.*)

But Arnold asserts that, as in *DeShaney*, he did not create or increase the risk to T.F. of exposure to the private acts of violence by his step-father that resulted in T.F.'s deprivation of life. "[F]ailure to act is not an affirmative act under the state-created danger theory." *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003) (citation omitted). In *Cartwright*, plaintiff was killed when he was run over by a pickup truck in the middle of the night, after he laid down in the roadway and fell asleep due to intoxication. His wife, the administrator of his estate, sued police officers who had given Cartwright a ride earlier in the evening. She alleged that they violated his right to substantive due process by failing to take him into custody, since they had suspected he had been drinking. This argument was rejected by the court on the basis of *DeShaney*. *Id.*; *see also Langdon v. Skelding*, 524 F. App'x 172 (6th Cir. 2013) (affirming dismissal of claims of procedural and substantive due process violations brought by the administrator of the estate of a minor child who died in a house fire after being chained to the

bed by her father and step-mother, rejecting arguments that closing the child protective services investigations in the face of obvious, known dangers amounted to an affirmative act of endorsement of the behaviors, finding instead a mere failure to act).

Nor was there any "special relationship" between T.F. and Arnold that might, arguably, have given rise to an affirmative duty to protect T.F. As emphasized by the Court in *DeShaney*, even if Arnold did act "in derogation of his responsibilities under Ohio law[,]" as alleged by plaintiff, "the Due Process Clause of the Fourteenth Amendment … does not transform every tort committed by a state actor into a constitutional violation." *DeShaney*, 489 U.S. at 202 (collecting cases). T.F. was not in custody and there was no duty to take him into custody to protect him from his step-father.

Even the cases relied upon by plaintiff in his opposition brief offer no support. Although they may stand for the various propositions for which plaintiff cites them, the results of each case actually urge dismissal of the instant action.

In *Jones v. Reynolds*, 438 F.3d 685 (6th Cir. 2006), the court affirmed the lower court's grant of summary judgment in favor of defendant police officers who were alleged to have violated the substantive due process rights of a spectator killed while watching a drag race on a private street (even though they had expressly allowed the race to continue) because they had not placed the spectator in more harm than she would have been in had they not arrived at all.

In *Bukowski v. City of Akron*, 326 F.3d 702 (6th Cir. 2003), the court reversed and remanded, directing the lower court to dismiss individual officers due to lack of a substantive due process violation. There, parents of a mentally disabled, under-age woman, realizing that their daughter had disappeared from their home in Pennsylvania and was likely on her way to Akron, Ohio to meet a man she had communicated with online, called the Akron police

department to enlist its help. The department dispatched officers to the man's home around midnight and they convinced Bukowski to come with them to the police station. Once there, she told investigators and a victim's advocate that the man was her boyfriend and assured them that she wanted to return to his home; she did not indicate that she had already had sex with him. They accepted her story, although they noted that she was a bit "slow." Believing they had no legal authority to detain her, the police returned Bukowski to the home, where she was raped a second time. She and her parents sued, and the district court denied summary judgment to the individual officers. On appeal, the court reversed and remanded with directions to dismiss the officers because there was no showing of a substantive due process violation, since "the act of returning someone to the same dangers that existed status quo ante does not satisfy the state-action requirement." *Id.* at 709 (citing *DeShaney*, 489 U.S. at 201).

Finally, in *Arledge v. Franklin Cnty., Ohio*, 509 F.3d 258 (6th Cir. 2007), parents sued case workers under the *DeShaney* exceptions for placing their child in a non-foster home where he was subsequently murdered. The court of appeals affirmed the district court's conclusion that plaintiffs had failed to establish the requisite culpability on the part of children's services workers to state a claim under the state-created danger theory.

As in *DeShaney*, "[t]he facts of this case are undeniably tragic." *DeShaney*, 489 U.S. at 191. Nonetheless, they do not establish a Fourteenth Amendment substantive due process claim. Therefore, defendant is entitled to judgment on the pleadings on this claim.

8

### III. CONCLUSION

For the reasons set forth herein, defendant's motion for judgment on the pleadings (Doc. No. 19) is **granted**. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: September 21, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9